NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0273n.06

No. 23-1876

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>FCA US, LLC,</td><td>)</td><td rowspan="3"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td></tr>
</table>

FCA US, LLC,

    Plaintiff-Appellee,

v.

ROBERT WUBBOLTS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**

Jun 24, 2024

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: SILER, MOORE, and KETHLEDGE, Circuit Judges.

SILER, Circuit Judge. Robert Wubbolts appeals the district court's denial of his motion to enforce its judgment. Unfortunately for Wubbolts, the two awards he now demands—reappointment to his former position within his former FCA plant and backpay to present—are nowhere to be found within the district court's judgment. Therefore, after careful consideration of the briefs and record, we affirm the district court's denial of Wubbolts' motion to enforce.

## I.

FCA fired Wubbolts from his role as a maintenance supervisor at its Sterling Heights Assembly Plant. He challenged his firing in an arbitration claim under FCA's Employee Dispute Resolution Process. After some back and forth, the arbitrator found FCA liable for breach of contract and in violation of the Family Medical Leave Act, awarded Wubbolts $137,620.12 in lost wages[1] and $10,153.54 in costs and attorney fees, and determined that he should be "reinstated to the same or comparable position with [FCA]."

---

[1] Wubbolts himself calculated and requested this award, as representative of his lost wages from his firing through the date of his pleading.

FCA challenged this award in state court. Wubbolts removed the challenge to the district court, where he moved to confirm the arbitration award. He requested "wage loss . . . of $137,620.12," costs and attorney fees of $10,152.54, and reinstatement "to his prior position or comparable position with FCA."

The district court found for Wubbolts. It confirmed the arbitration award and ordered FCA to pay his demanded $137,620.12 in lost wages and $10,153.54 in costs and attorney fees, and to "reinstate Wubbolts to his prior position or a comparable position with FCA." Wubbolts did not appeal this judgment.

Two months later, FCA issued two checks to Wubbolts' counsel: one for $90,966.89 (for Wubbolts' lost wages, less taxes), and one for $10,153.54 (for costs and attorney fees). Around this time, FCA identified a comparable open position in its Detroit plant and offered the position to Wubbolts through his counsel. Wubbolts' counsel rejected this offer and responded that Wubbolts would prefer to work at his original Sterling Heights plant, or one within the same county.

Two weeks later, Wubbolts moved to enforce judgment for a specific act and to hold FCA in contempt under Fed. R. Civ. P. 70. He demanded reinstatement to his previous position in his previous factory and backpay to present. Pointing out that these demands exceeded its judgment and that Rule 70 was an inappropriate vehicle to demand monetary damages, the district court denied his motion. Wubbolts appealed.

## II.

We review a district court's interpretation of its own judgment for abuse of discretion. *See United States v. Thompson*, 925 F.3d 292, 297 (6th Cir. 2019); *see also Denhof v. City of Grand Rapids*, 797 F. App'x 944, 947 (6th Cir. 2019) ("Because the district court, in most instances, is

best suited to interpret its own orders, we review its interpretation under an abuse of discretion standard."). An abuse of discretion occurs when the district court (1) misunderstands the law, (2) relies on clearly erroneous factual findings, or (3) makes a clear error of judgment. *Gales ex rel. Ranson v. Allenbrooke Nursing & Rehab Ctr., LLC*, 91 F.4th 433, 435 (6th Cir. 2024).

Wubbolts complains about FCA's failure to offer to reinstate him to his exact former position in his former plant or to pay his lost wages from April 21, 2021 to present. Yet he does not cite the provisions of the arbitration award or judgment which he believes entitle him to these damages. He instead focuses on the applicability of Federal Rule of Civil Procedure 70 to his claim for money judgments.

Even if we agree with Wubbolts and determine that Rule 70 applied to both of his claims, his argument would still be meritless: the district court ordered FCA to do two things, and FCA accomplished both. FCA therefore satisfied the district court's judgment.

Recall first that the district court ordered FCA to "reinstate Wubbolts to his prior position or a comparable position." FCA then offered Wubbolts a comparable position in its Detroit plant. It therefore satisfied the judgment. Wubbolts' demand that he return to his former role in his former factory is inconsequential to FCA's satisfaction of the judgment.

Recall next that the district court also ordered FCA to pay Wubbolts $137,620.12 for lost wages and $10,153.54 for costs and attorney fees. FCA complied by paying Wubbolts in full, less the applicable taxes. It therefore satisfied the judgment. Wubbolts' demand for *more* money is a new one and is inconsequential to FCA's satisfaction of the judgment.

If Wubbolts was unhappy with the district court's initial judgment, he could have appealed it within thirty days of its issuance. Fed. R. App. P. 4(a)(1). He did not. Because Wubbolts' demands go beyond the district court's judgment and because he cannot otherwise show that FCA

failed to comply with that judgment, the district court did not abuse its discretion in denying his motion to enforce or hold FCA in contempt. *See* Fed. R. Civ. P. 70(e) (allowing courts to hold "disobedient" parties in contempt).

AFFIRMED.